**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**AIDEN JONES** **PLAINTIFF**

**v.** **Case No. 2:25-CV-02165-DCF**

**FORMER CHIEF ARRON ARNOLD, *et al.*** **DEFENDANTS**

**ORDER**

In a Report and Recommendation dated February 17, 2026, the Honorable Mark E. Ford, United States Magistrate Judge, recommended that Plaintiff's case be stayed pending resolution of several of his state criminal cases per the *Younger* abstention. (Doc. 9). Plaintiff thereafter filed his Objections. (Doc. 14). After a *de novo* review and for the reasons given below, the Court concludes that the Recommendation is ADOPTED IN ITS ENTIRETY as this Court's findings, Plaintiff's objections are OVERRULED, and this case is STAYED AND ADMINISTRATIVELY TERMINATED.

**I. BACKGROUND**

Plaintiff Aiden Jones, also known as Aiden Aaric Jones, proceeding *pro se*, brings a civil rights action against several parties involved in multiple criminal and civil matters that occurred in Clarksville, Arkansas, between 2023 and 2025. (Doc. 1, Complaint). Plaintiff names as Defendants the following persons: Former Chief Arron Arnold; Patrolman William Joe Gilbreath;

Patrolman Dalton Miller; Detective Jebediah Clark; Corporal Chris Curtis; Patrolman Corey Yarbrough; Sergeant Bruce Nathan Warren; Sergeant Jonia Ray Smith; Corporal Josiah Daniel Masterson; City of Clarksville, Arkansas; and Former Chief Jeff Ros. (*Id.*).

According to the Complaint, Defendants violated Plaintiff's First, Fourth, and Fourteenth Amendment rights due to their involvement in the following state cases: *State v. Jones*, CKC-23-814; *State v. Jones*, 36CR-24-284; *State v. Jones*, CKC-23-72; *State v. Jones*, 36CR-23-330; and *State v. Jones*, CV-24-721.

As to cases CKC-23-814 and 36CR-24-284, Plaintiff alleges that Corporal Chris Curtis "fabricated [a] report [that] created an appearance of non-compliance" that led to Plaintiff's wrongful conviction for Criminal Mischief. (Doc. 1, pp. 4-6, 25-26). Both cases appear to be closed.

As to case CKC-23-72, Plaintiff claims that Sergeant Bruce Nathan Warren and Patrolman Dalton Miller improperly retaliated against Plaintiff's "protected First Amendment speech," leading to charges of "disorderly conduct and attempt to influence a public servant." (*Id.* at 11, 26-30). Following a hearing held on April 14, 2026, the state court denied the petition to seal the charges of disorderly conduct and obstructing governmental operations in case CKC-21-393 and the charge of disorderly conduct in case CKC-23-72. (*See State v. Jones*, CKC-23-72). A Notice of Appeal was filed on April 27, 2026.

(*Id.*). This case remains open.

As to case 36CR-23-330, Corporal Josiah Masterson, Former Chief Jeff Ross, and Sergeant Jonia Smith allegedly violated Plaintiff's rights when they "fabricated or substantially exaggerated" facts leading to charges of "Obstruction and Resisting Arrest." (Doc. 1, p. 14, 30-33). This case has been appealed in case CR-26-660, which remains open. (*See Jones v. State*, CR-26-660).

As to case CV-24-721, Plaintiff alleges Former Chief Aaron Arnold, and Detective Jebediah Clark improperly conspired, with retaliatory purpose, to arrest and detain him based on charges of Harassment and Cyberbullying. (*Id.* at 18, 33-35). This case appears to be closed.

As to case CKC-24-172 [sic], the Complaint states that Patrolman William Gilbreath, Patrolman Corey Yarbrough, and Sergeant Jonia Smith contributed to the alleged violations resulting in "Harassment and Cyberbullying charges later brought" against Plaintiff. (*Id.* at 19, 36-39). This case does not appear on Arkansas Court Connect. *See* https://caseinfo.arcourts.gov/opad.

As to the City of Clarksville, Plaintiff alleges liability "under 42 U.S.C. §1983 and *Monell* for maintaining policies, customs, and practices that caused the constitutional violations" asserted in the aforementioned state cases. (Doc. 1, pp. 23-24, 39-41). Of those cases, one case remains open, one case has an

active appeal open, three cases are closed, and one case is of undetermined status.

## II. DISCUSSION

A district court reviews de novo those portions of a magistrate judge's report to which objection is made. 28 U.S.C. § 636(b)(1); *see Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Here, Plaintiff requests this Court review the record *de novo* and decline to stay this action under the *Younger* abstention because some of his cases are closed. (Doc. 14, pp. 1-4).

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005).

The *Younger* doctrine instructs "federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings involving important state interests." *Brown v. Cosssett Polic Dep't*, No. 20-01048, 2020 WL 7365315, at *2 (W.D. Ark. Dec. 15, 2020) (quoting *Nights Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 477 n.1 (8th Cir. 1998)). The *Younger* abstention is "based on a longstanding public policy against federal court interference with pending state judicial

proceedings." *Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Upon *de novo* review of the record and Plaintiff's objections, the Court finds one case open (CKC-23-72), one case pending with an active appeal (36CR-23-330 at CR-26-660), three cases closed (36CR-24-284, CKC-33-814, and CKC-24-721), and one case of undetermined status (CKC-24-172). Plaintiff contends that his claims arising from the events surrounding cases CKC-23-814, 36CR-24-284, 36CR-23-330, and CKC-24-172 should be allowed to proceed. The Court will address each in turn.

As to cases CKC-23-814 and 36CR-24-284, the Court finds that the events leading to these cases, albeit now closed, are related to those in case 36CR-23-330, which has an active appeal. Moreover, the claims alleged against Defendant Curtis arising from those cases are used to support the claims alleged against the City of Clarksville. (Doc. 1, pp. 23-24, 39-41).

Next, the Court finds an active appeal related, at least in part, to case 36CR-23-330. (*See Jones v. State*, CR-26-660). Plaintiff's conspiracy and retaliation claims against Defendants Arnold and Clark stem from the events giving rise to case 36-CR-23-330 and, as such, CR-26-660, which remains active on appeal. (Doc. 1, pp. 19-20, 33-35).

Additionally, the claim alleged against the City of Clarksville relies on facts arising out 36CR-23-330 and CR-26-660 to establish a "pattern of violation

by CPD officers," "deliberate indifference," "negligent retention," and "institutional policies" that "directly caused the violations of Plaintiff's state constitutional rights." (*Id.* at 23-34, 39-41).

Thus, judicial proceedings remain ongoing as a result of the events giving rise to Plaintiff's civil rights claims. The Court finds that the events giving rise to the closed cases are the same or substantially related to those that remain pending. And, all these underlying cases, whether open or closed, inextricably intertwine in support of Plaintiff's many civil rights allegations against the Defendants.

While nothing in this order prohibits Plaintiff from raising his constitutional claims in parallel state proceedings, the Court is hard-pressed to find an avenue by which it could adjudicate the civil rights claims before it without impermissibly interfering with the state court's ongoing cases. As such, the *Younger* abstention applies, and this case must be stayed and administratively terminated pending resolution of the underlying state cases.

## III. CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN ITS ENTIRETY** the Report and Recommendation (Doc. 9) and overrules Plaintiff's Objections (Doc. 14). Accordingly, Plaintiff's case is **STAYED AND ADMINISTRATIVELY TERMINATED** pending resolution of the underlying state cases.

**IT IS SO ORDERED** this 30th day of September 2026.

/s/ David Clay Fowlkes
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE